McKiNNEY, J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by the plaintiff against the defendant, on the 17th of May, 1858. The summons was returnable to the May Term, 1858. After the return term, to-wit, on the 17th of July, the parties, by a writing- in the form of a penal bond, submitted the subject matter of the suit to the arbitrament and award of three persons named therein, two of whom afterwards made an award in favor of the plaintiff, which was returned into Court, although the submission bond contained no provision that the award should be made the judgment of the Court in the case.
The record shows that the defendant filed exceptions to the award, which were sustained by the Court, and the award rejected. And it further appears, that on the motion of defendant’s counsel, it was ordered that the “cause be placed upon the'trial docket.”
The defendant thereupon filed a plea of puis darrein continuance, setting up the reference of the case to arbitrators, by the parties, out of Court, as a discontinuance, upon which an issue was made to the county.
On the trial, the jury found the defendant guilty of the trespass and ejectment, as charged in the declaration, in proper form; but they found the issue on the plea of puis darrein continuance, for the defendant. And upon this finding, the Court rendered judgment, that by the act of the parties, the suit was discontinued, and that the defendant go hence, &c.
From this judgment, the plaintiff prosecuted an appeal in error.
The foregoing is a brief statement of so much of the *258 very novel and extraordinary proceedings set forth in the record, as is essential to be noticed.
The judgment is palpably erroneous.
It was certainly at the option of the defendant to have treated the suit as discontinued, by the reference of the case to arbitrators, under the circumstances; and to have availed himself of this right, nothing more was necessary, perhaps, than a simple motion. But we think the discontinuance might be waived, and that either by the express or tacit consent of both parties, the jurisdiction of the Court over the case and the parties, might be restored and continued; and by the conduct of the parties, as above set forth, this effect was produced.
The defendant, by failing to move a discontinuance at the proper time, and by filing exceptions to the award, and demanding the judgment thereon, and still more, by his motion to have the case placed upon the trial docket, effectually waived, and forever precluded himself from insisting upon a discontinuance. The plea of puis dar-rein continuance, the issue upon it, together with the verdict and judgment upon said plea, were all alike unprecedented, and must be altogether ignored. The Court should have treated the finding of the jury upon the latter issue as a nullity, and have rendered judgment for the plaintiff, upon the verdict, on the merits of the case.
The result is, that the judgment must be reversed, and the proper judgment will be rendered here in favor of the plaintiff.